## Wolfe et al. v. Zoning Board of City of Erie

*George J. Biebel* and *William W. Knox*, for plaintiff.
*R. M. Orcutt*, for intervenors.

EVANS, J., November 27, 1945.—This matter is before us for determination as to whether or not appellant should be required to include in his paper book the entire record of the case now before the Superior Court as it was presented in this court, including pleadings, orders, testimony and exhibits.

In accordance with Superior Court Rule 55, appellant notified appellees of his intention to omit the testimony and exhibits as unnecessary. The questions set forth to be argued before the appellate court are as follows:

1. Can the lower court set aside the decision of a zoning board of appeals refusing to issue a permit without a finding that there was a manifest and flagrant abuse of discretion?

2. Can the lower court set aside the decision of a zoning board of appeals refusing to issue a permit under a finding that the board did not act in an arbitrary, capricious or unreasonable manner or clearly in violation of positive law?

3. Can the lower court delegate to the Zoning Board of Appeals the power to pass upon the legal effect of proposed restrictions in the nature of covenants running with the land and direct the issuance of a permit where the restrictions are not before the court and the rights and liabilities of the parties are not defined in the opinion?

It appears that, in its opinion after a review of the evidence, the court found that there was no manifest or flagrant abuse of discretion on the part of the zoning board, but suggested a solution which would possibly protect the interests of all the parties, and returned the matter to the zoning board for further hearing.

Inasmuch as the questions to be argued are entirely of law, we do not see where the testimony and exhibits are important. It appears to us that the only matter to be decided on appeal is whether the opinion of this court must be considered, under the circumstances, as a nullity and the conclusion of the zoning board affirmed, or whether this court should be directed to pass finally upon the matter prior to review by the appellate court.

Having concluded that the evidence and exhibits are in no way important in connection with the particular contentions made by appellant, now to wit, February 27, 1945, the rule granted February 1, 1945, on the petition of appellees for the printing of the entire record, is discharged and the petition is refused.